a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| JABEZ JONES #766211,<br>Petitioner | CIVIL DOCKET NO. 5:24-CV-01004<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN CATAHOULA<br>CORRECTIONAL CENTER,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by pro se Petitioner Jabez Jones ("Jones"). Jones is incarcerated at the Catahoula Correctional Center in Harrisonburg, Louisiana. He challenges two convictions and sentences imposed in the 24th Judicial District Court, Jefferson Parish, Louisiana.

Because Jones has not exhausted his claims in the Louisiana courts, his Petition should be DISMISSED without prejudice.

## I.    Background

Jones was convicted of aggravated flight from an officer and possession of a firearm by a convicted felon. ECF No. 1 at 1. He did not appeal because he pleaded guilty to the offenses. *Id.* Jones filed an application for post-conviction relief on June 27, 2024, which was denied on July 17, 2024. *Id.* at 3. He sought no further review.

1

## II.  Law and Analysis

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  In Louisiana, this process requires initial presentation of the claims in the state trial court.  *See* La. Code Crim. Proc. art. 925.  Review of the trial court's ruling must then be pursued in the appellate court and the Louisiana Supreme Court by applications for writ of review.  *See* La. Code Crim. Proc. art. 930.6; La. Sup. Ct. Rule X § 5; La. App. Rule 4–1.

Exceptions to the exhaustion requirement exist only where there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust sua sponte.  *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

Jones sought post-conviction review in the trial court.  But he did not seek further review in the appropriate appellate court or Louisiana Supreme Court.  ECF

No. 1 at 11.  Accordingly, Jones has not fully exhausted his claims.  He does not allege the applicability of an exception, and there is none apparent to the Court.

III.    Conclusion

Because Jones has not exhausted his habeas claims, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE to seeking review after exhaustion.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, October 21, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4